Howard T. Hogan, J.
Petitioner brings this proceeding under article 78 of the. Civil Practice Act to review the action of the respondent Board of Appeals of the Village of Rockville Centre which denied to its contract vendee, one Bergentino, a variance from the setback requirements for buildings, as prescribed by the Building Zone Ordinance.
Petitioner is the owner of a parcel of land located on the southeast corner formed by the intersection of Park Place and Park Avenue. The contract vendee applied to the respondent Building Inspector for a permit to erect an apartment house on said property. The plot plan submitted showed a proposed building line setback of 20 feet from the existing southerly line of Park Avenue, in conformity with the requirements of thé ordinance. The permit was refused on the ground that, in contemplation of the widening of Park Avenue at some unspecified time in the future by the County of Nassau, the village had amended its official map in 1954 by establishing new setback lines for that portion of Park Avenue upon which petitioner’s property fronts. The result of this was to require a setback of 32% feet of the proposed building from the present southerly line of Park Avenue.
Bergentino then applied to the Board of Appeals for a variance, claiming that this amounted to a virtual confiscation of the property to a depth of 12% feet, necessitating a change in his building plans, resulting in a substantially smaller building, a lower number of rental units, and a consequent loss of potential income.
He asked that a variance be granted which would permit him to build up to 20 feet south of the present actual street line, and which would produce a setback of 7% feet from the new street line when and if Park Avenue was widened by the county. Following a public hearing, the Board of Appeals denied his application. This petitioner, although not the original applicant, appears to be a person aggrieved within the meaning of section 179-n of the Village Law, and as such, *766 entitled to institute this proceeding. At least, its right to do so has not been questioned by the respondents.
Before considering the decision of the respondent board, the court will treat briefly with the two affirmative defenses pleaded in its answer. The first raises the objection that Bergentino failed to obtain an affidavit of confirmation and consent from the true owner of the property (this petitioner) in compliance with rule 4 of the Rules of the Board of Appeals which makes such an affidavit necessary on appeals for variances. Section 179-b of the Village Law provides that, “ Such appeal may be taken by any person aggrieved ”. A contract vendee such as Bergentino is a person aggrieved. No rule of these respondents may limit or condition his right to institute an appeal to the Board of Appeals. Consequently, the first affirmative defense has no merit.
The second affirmative defense pleads that the respondents made an error in advertising the public hearing which was held on Bergentino’s application for a variance in that only five days’ notice was given, whereas section 179-n of the Village Law, under which the application allegedly fell, requires ‘ At least fifteen days’ notice of the time and place of such hearing ”. As a result of such defective notice, respondents plead, they had no jurisdiction to hear the appeal, therefore, the instant proceeding must be dismissed.
The aforesaid section 179-n deals only with buildings proposed to be erected in the bed of any street or highway shown or laid out on any official map or plan. In no event would petitioner’s building be erected in the bed of any such street. On the contrary, it was sought to be located 7% feet south of the line of the proposed widening and 20 feet south of the actual, presently existing street line. The notice of publication was not defective under the circumstances, so the second affirmative defense likewise is without merit.
Turning to the decision of the respondents upon the appeal, the court finds that it consists merely of a resolution denying the variance solely ‘ upon the basis that the set-back should be from the proposed street widening line.” Since this is actually no more than a bare denial of the application, with no reasons stated and no findings made, the court remits the entire matter to the respondents with instructions to make a decision in which the grounds for its determination are stated. If such grounds do not find support in the record, then the board must state those facts within the knowledge of its individual members, upon which the decision is based.
*767 It is suggested that in reconsidering this matter the respondents examine the many decisions of the courts of this State on this particular subject and give heed to the pronouncement of the Supreme Court of the United States that: “We are in danger of forgetting that a strong desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change.” (Pennsylvania Coal Co. v. Mahon, 260 U. S. 393, 416.)
Every possibility of giving equitable relief to this petitioner should be explored.
Settle order on notice.